O

JS - 6

UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| BABA OSINAME,<br><br>        Plaintiff,<br><br>    v.<br><br>UNITED STATES OF AMERICA,<br><br>        Defendant. | Case No. EDCV 08-1017-VAP<br>EDCR 00-70-VAP<br><br>**[Motion filed on November 18, 2008 ]**<br><br>**MEMORANDUM AND ORDER GRANTING MOTION TO DISMISS MOTION UNDER 28 U.S.C. SECTION 2255 TO VACATE OR SET ASIDE CONVICTION** |

## I. PROCEDURAL HISTORY

**A.    2003 section 2255 Motion**

      On June 11, 2001, this Court sentenced Petitioner to 37 months' imprisonment, three years supervised release, and a $200 special assessment, based on his plea of guilty to one count of mail fraud, in violation of 18 U.S.C. Section 1341, and one count of wire fraud, in violation of 18 U.S.C. Section 1343.  Petitioner also was ordered to pay $1,102,823.00 in restitution, jointly and severally with co-defendant Jeanette Franklin. (July 3, 2007 Order Granting in Part and Denying in Part Petitioner's Motion to Vacate, Set Aside, or Correct Sentence under 28 U.S.C. § 2255  ("July 2007 Order") at 2.)

1  On June 19, 2003, Petitioner filed a Motion to Vacate, Correct or Modify Sentence
2 by a Person in Federal Custody Pursuant to 28 U.S.C. § 2255 ("2003 2255 Motion").
3 (Minute Order (1) Denying the Government's Request to Dismiss Petitioner's § 2255
4 Motion As a Second or Successive Petition; (2) Ordering Petitioner to Serve His Motion on
5 the Government ("Minute Order") at 2.)
6
7  On August 28, 2003, the Court denied Petitioner's 2003 2255 Motion. Id.
8
9 **B.    2005 section 2255 Motion**
10  On November 22, 2004, Petitioner admitted, and the Court found, that he violated
11 the terms and conditions of his supervised release. The Court then ordered the Judgment
12 and Commitment Order revoked, vacated, and set aside, and committed Petitioner to the
13 custody of the Bureau of Prisons for a term of six months.  The Court further ordered that,
14 upon release from imprisonment, Petitioner was to be placed on supervised release for a
15 term of 54 months.  (July 2007 Order at 2.)
16
17  On February 11, 2005, Petitioner filed, pro se, a "Petition For Writ of Habeas
18 Corpus By A Person In Federal Custody" ("2005 2255 Motion").  Petitioner challenged his
19 sentence for violation of supervised release.  (July 2007 Order at 2-3.)
20
21  In a July 27, 2006 Order, the Court declined to dismiss Petitioner's 2005 2255
22 Motion as a second or successive petition and ordered Plaintiff to serve his 2255 Motion
23 properly and issued a briefing schedule.  (July 2007 Order at 3.)
24
25  On July 3, 2007 the Court granted the 2005 2255 Motion, in part, granting the 2005
26 2255 Motion as to ground five only, finding Plaintiff received ineffective assistance of
27 counsel because his counsel refused to file an appeal regarding his sentence for violation
28

of the terms of supervised release.[1] Petitioner had until August 3, 2007 to file his notice of appeal. (July 2007 Order at 18.)  The Court allowed petitioner a month, rather than the standard 10 days, to file his appeal.

Plaintiff's appointed counsel timely filed a Notice of Appeal.  The Central District's docket bears no indication the Ninth Circuit has ruled on the appeal.

**C.     2008 section 2255 Motion**

On July 29, 2008, Plaintiff filed a Motion to Vacate, Set Aside or Correct Sentence by a person in Federal Custody pursuant to 28 U.S.C. § 2255 ("2008 2255 Motion").  The grounds  for 2008 2255 Motion are as follows.  On its fourth page, the 2008 2255 Motion stated the "Court ordered counsel failed to file the appeal."  Plaintiff stated he was being held unlawfully because "counsel failed to file an appeal to my denial of 2255 motion," thus denying him his right to effective assistance of counsel.  (2008 2255 Motion 5.)

On November 18, 2008, Defendant filed a Motion to Dismiss Petitioner's Motion to Vacate, Set Aside, or Correct Sentence Pursuant to 28 U.S.C. § 2255.  ("Motion").  Defendant argued the 2008 2255 Motion should be dismissed because (1) Defendant did not obtain permission of the Ninth Circuit before filing it; (2) the 2008 2255 Motion is a second or successive motion that fails to allege new or different grounds for relief and the

---

[1] Petitioner listed five grounds for challenging his imprisonment: (1) He signed a proposed Court order changing his restitution from $500 to $75 per month "and the court approved"; (2) He did not violate his probation and secured two employment offers, both of which he accepted; (3) He received ineffective assistance of counsel because his attorney refused "to file a motion presenting documents of job offers I had accepted and to present documents that I was still making diligent efforts to secure other employment"; (4) He further was denied effective assistance of counsel because when the judge asked him if he had anything to say in regard to the proposed six month sentence for violating conditions of his probation, his counsel advised him not to raise a defense for fear that the judge would sentence him to nine months; and (5) He additionally received ineffective assistance of counsel because his counsel refused to file an appeal.  (July 2007 Order at 3.)

prior determination was on the merits.  (Mot. 6.)  In the alternative, Defendant moves for a stay of the 2008 2255 Motion while the Ninth Circuit considers the appeal of the sentence for violation of supervised release.

On December 8, 2008, Plaintiff filed his "response to Government Motion to Dismiss 2255 Motion." ("Response.")  He argued the 2008 2255 Motion "is not a successive motion because the motion was filed based on the failure of the court assigned counsel to file a notice of appeal on the Court order issued on 6-29-07."  The docket reveals no Order issued June 29, 2007, but it does show the Court's July 3, 2007 Order granting in part and denying in part Defendant's motion to dismiss.  The Court construes the reference to a June 29 order as a reference to the July 3 Order.   Plaintiff claimed that although counsel filed an appeal, "it was incomplete and the current motion is to remedy the incomplete notice of appeal on the claims of ineffective assistance of counsel."  (Response.)

## II.  LEGAL STANDARD

To prevail on an ineffective assistance of counsel claim a petitioner must prove that (1) his "counsel's representation fell below an objective standard of reasonableness," ("deficient performance") and (2) there is a reasonable probability that, but for his counsel's errors, the result of the proceeding would have been different ("prejudice").  See Strickland v. Washington, 466 U.S. 688, 694 (1984); Roe v. Flores-Ortega, 528 U.S. 470, 477 (2000).

## III.  DISCUSSION

The Supreme Court, discussing a habeas petition based on ineffective assistance of counsel, found, "[a]n error by counsel, even if professionally unreasonable, does not warrant setting aside the judgment of a criminal proceeding if the error had no effect on the judgment."  Strickland v. Washington, 466 U.S. at 691.

Here, Petitioner's appeal remains pending before the Ninth Circuit. Indeed, the deadline for petitioner to submit his reply brief was December 15, 2008. It is not yet clear whether counsel's alleged error will have any effect on the judgment. <u>See id.</u> All the facts necessary for Petitioner to raise an ineffective assistance of counsel claim have not yet arisen; a ruling on Petitioner's 2008 2255 Motion would be premature.

## IV. CONCLUSION

For the reasons set forth above, the Court GRANTS the Motion to Dismiss and dismisses this action with prejudice.

Dated: December 19, 2008

    VIRGINIA A. PHILLIPS
    United States District Judge