

THIS CONSTITUTES NOTICE OF ENTRY
AS REQUIRED BY FRCP, RULE 77(d).

ENTERED
CLERK, U.S. DISTRICT COURT

JUL - 5 2007

CENTRAL DISTRICT OF CALIFORNIA
EASTERN DIVISION      BY DEPUTY

Priority
Send
Enter
Closed
JS-5/JS-5
JS-2/JS-3
Scan Only

FILED
CLERK, U.S. DISTRICT COURT

JUN 29 2007

CENTRAL DISTRICT OF CALIFORNIA
EASTERN DIVISION   BY DEPUTY

UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| U.S. MARSHALS,<br><br>  Plaintiff,<br><br>  v.<br><br>BABATUNDE OSINAME,<br><br>  Defendant. | Case No. EDCV 05-136 VAP<br>EDCR 00 70 VAP<br><br>**[Motion filed on February 11, 2005]**<br><br>**ORDER GRANTING IN PART AND DENYING IN PART PETITIONER'S MOTION TO VACATE, SET ASIDE, OR CORRECT SENTENCE UNDER 28 U.S.C. § 2255** |

The Court has received and considered all papers filed in support of, and in opposition to, Petitioner's Motion to Vacate, Set Aside, or Correct Sentence Under 28 U.S.C. Section 2255.  The Petition is appropriate for resolution without oral argument.  For the reasons set forth below, the Court grants the Motion in part and denies it in part.

## I. BACKGROUND

On February 13, 2001, Petitioner executed a plea agreement with the government in which petitioner agreed

1  to plead guilty to count ten (wire fraud) and count
2  fifteen (mail fraud) of the Indictment.   [Opp'n at 8.]
3
4       On June 11, 2001, this Court sentenced Petitioner to
5  37 months imprisonment, three years supervised release,
6  and a $200 special assessment, based on his plea of
7  guilty to one count of mail fraud, in violation of 18
8  U.S.C. Section 1341, and one count of wire fraud, in
9  violation of 18 U.S.C. Section 1343.   [Opp'n at 3.]
10 Petitioner was also ordered to pay $1,102,823.00 in
11 restitution, jointly and severally with co-defendant
12 Jeanette Franklin.   [Id.]
13
14      On November 22, 2004, Petitioner admitted, and the
15 Court found, that he violated the terms and conditions of
16 his supervised release.   [Nov. 22, 2004 Judgment and
17 Commitment Order at 1.]   The Court then ordered the
18 Judgment and Commitment Order revoked, vacated, and set
19 aside, and committed Petitioner to the custody of the
20 Bureau of Prisons for a term of six months.   [Id. at 2.]
21 The Court further ordered that, upon release from
22 imprisonment, Petitioner was to be placed on supervised
23 release for a term of 54 months.   [Id.]
24
25      On February 11, 2005, Petitioner filed, pro se, a
26 "Petition For Writ of Habeas Corpus By A Person In
27 Federal Custody" ("Pet.").   Petitioner challenges his
28

2

1  sentence for violation of supervised release.   [Pet. at
2  3.]

3

4      Petitioner lists five grounds for challenging his
5  imprisonment: (1) He signed a proposed Court order
6  changing his restitution from $500 to $75 per month "and
7  the court approved"; (2) He did not violate his probation
8  and secured two employment offers, both of which he
9  accepted; (3) He received ineffective assistance of
10 counsel because his attorney refused "to file a motion
11 presenting documents of job offers I had accepted and to
12 present documents that I was still making diligent
13 efforts to secure other employment"; (4) He further was
14 denied effective assistance of counsel because when the
15 judge asked him if he had anything to say in regard to
16 the proposed six month sentence for violating conditions
17 of his probation, his counsel advised him not to raise a
18 defense for fear that the judge would sentence him to
19 nine months; and (5) He additionally received ineffective
20 assistance of counsel because his counsel refused to file
21 an appeal.   [Pet. at Unnumbered Page.]

22

23     In a July 27, 2006 Order, the Court ruled that
24 Petitioner's Petition is not a second or successive
25 petition, ordered Plaintiff to serve his Petition
26 properly and issued a briefing schedule.   The Government
27 filed an "Opposition to Petitioner's Motion to Vacate,
28

Set Aside, or Correct Sentence Pursuant to 28 U.S.C. §
2255" ("Opp'n") and the Declaration of Michael Belter
("Belter Decl.") on November 2, 2006.  Petitioner filed a
"Traverse To Answer To Petition For Writ Of Habeas
Corpus" ("Trav.") and the Declaration of Babatunde
Osiname ("Osiname Decl.") on December 4, 2006.  Pursuant
to a request by the Court, the Government filed a
Surreply, the Declaration of Shannon Ryan, and the
Declaration of Kalia Batts ("Batts Decl.") on January 30,
2007.

## II. LEGAL STANDARD

This proceeding is brought under 28 U.S.C. Section
2255, the statutory analogue of habeas corpus for persons
in federal custody.[1]  Under Section 2255, a prisoner in
custody under the sentence of a federal court may file a
motion in the court "which imposed the sentence."  28
U.S.C. § 2255.  The statute sets forth a remedy for "a
sentence . . . imposed in violation of the Constitution
or laws of the United States, or [where] the court was
without jurisdiction to impose such sentence, or [where]
the sentence was in excess of the maximum authorized by

---

[1]"Suffice it to say that it conclusively appears from
the historic context in which § 2255 was enacted that the
legislation was intended simply to provide the sentencing
court with a remedy exactly commensurate with that which
had previously been available by habeas corpus in the
court of the district where the prisoner was confined."
Hill v. United States, 368 U.S. 424, 427 (1961)(citing
Heflin v. United States, 358 U.S. 415, 421
(1959)(concurring opinion)).

law, or is otherwise subject to collateral attack."[2]   Id.
Thus, the statute sets forth a general remedy for
unlawful imprisonment.

### III. DISCUSSION

**A.   Violations of Supervised Release**

Petitioner argues he did not violate supervised
release because of either a failure to pay the correct
restitution or a failure to obtain employment.

**1.   Failure to Raise The Issue on Appeal**

Petitioner failed to raise this issue on appeal,
resulting in a procedural default of his claim.   "It is
well settled that a voluntary and intelligent plea of
guilty made by an accused person, who has been advised by
competent counsel, may not be collaterally attacked."
Mabry v. Johnson, 467 U.S. 504, 508 (1984) (footnote
omitted).   See Bousley v. United States, 523 U.S. 614,
621 (1998) ("And even the voluntariness and intelligence
of a guilty plea can be attacked on collateral review
only if first challenged on direct review."); United
States v. Frady, 456 U.S. 152, 164 (1982).
///

_____

[2]For purposes of Section 2255, a prisoner is in
custody if he is on supervised release.   United States v.
Montreal, 301 F.3d 1127, 1132 (9th Cir. 2002), cert.
denied, 537 U.S. 1178 (2003).   Petitioner was
incarcerated at the time he filed this Petition and he
currently is on supervised release.

1   Petitioner may only raise the violations of
2   supervised release in this Court if he can show both
3   "cause" excusing his procedural default and "actual
4   prejudice" resulting from the claim of error.  <u>Frady</u>, 456
5   U.S. at 169.  In the alternative, Petitioner may cure the
6   procedural problem by showing "actual, factual innocence,
7   not just legal insufficiency of the evidence."  <u>United
8   States v. Ratigan</u>, 351 F.3d 957 (9th Cir. 2003).
9
10   After the Government raised this argument in its
11   Opposition, Petitioner failed to respond to it in his
12   Traverse.  Petitioner may argue that he has cause because
13   he requested that his attorney file an appeal and the
14   attorney never appealed.  Petitioner, however, failed to
15   seek leave of court to file a late appeal.  Moreover, as
16   discussed below, the Court grants the Petition in part
17   and allows Petitioner to file an appeal.  Petitioner has
18   neither demonstrated actual prejudice nor made a showing
19   of actual innocence.
20
21       **2.  Merits of the Allegations**
22   Assuming the Court were to find that Petitioner could
23   raise these arguments, Petitioner's arguments fail on the
24   merits.  Below is an excerpt from Petitioner's November
25   22, 2004 hearing regarding alleged violations of
26   supervised release:
27   ///
28

6

1   **THE COURT:**  You're before the Court today

2   for a hearing resulting from a petition filed by

3   the probation office alleging that you violated

4   the terms of your supervised release that were

5   imposed on June 11th, 2001.  And the allegations

6   in the petition are that you violated supervised

7   release by, number one, having been ordered by

8   the Court to pay restitution in the amount of

9   $1,182,123 in monthly installments of $500 per

10  month, and having been instructed by the

11  probation office by June 24, 2004, to begin

12  paying $500 per month on December 5, 2004,

13  Babatunde Osiname failed to make payment of $500

14  for the months of September and October 2004.

15

16      In paragraph two of the petition it's

17  alleged that

18  having been instructed by the probation officer

19  on June 24, 2004, to obtain employment by

20  September 5, 2004, you failed to obtain

21  employment as instructed.  Do you admit or deny

22  these allegations?

23

24      **MR. OSINAME:**  I admit them, Your Honor.

25

26      **THE COURT:**  You admit both of them; is that

27  correct?

28

1      **MR. OSINAME:**  Yes, ma'am.

2

3      **THE COURT:**  All right.  In making these

4      admissions are you admitting these allegations

5      freely and voluntarily and without coercion?

6

7      **MR. OSINAME:**  Yes, ma'am.

8

9      **THE COURT:**  Mr. Belter, do you concur in the

10     defendant's admission as to both allegations?

11

12     **MR. BELTER:**  I do, Your Honor.

13

14     **THE COURT:**  Do any of the parties wish to be

15     heard before I accept the admissions and make a

16     finding?

17

18     **MS. WRIGHT:**  No, Your Honor.

19

20     **MR. BELTER:**  No, Your Honor.

21

22     **THE COURT:**  All right.  Then I will accept

23     the defendant's admissions and find that he is

24     in violation of supervised release as to both

25     grounds set forth in the petition.

26

27   [Nov. 22, 2004 Tr. at 12:2-13:12.]

28

1    Petitioner's statements on the record and under oath

2   "carry a strong presumption of verity."  United States v.

3   Grewal, 825 F.2d 220, 223 (9th Cir. 1987).  Moreover, a

4   court may credit defendant's testimony at the plea

5   colloquy over a later contrary affidavit.  United States

6   v. Castello, 724 F.2d 813, 815 (9th Cir. 1984).

7   Accordingly, the Court credits Petitioner's testimony

8   during the hearing.

9

10    Vague or conclusory allegations in a Section 2255

11   petition are insufficient to support a Petitioner's claim

12   and warrant summary dismissal.  Shah v. United States,

13   878 F.2d 1156, 1161 (9th Cir. 1989).  Petitioner's

14   assertions in his Petition that he was only required to

15   pay $75 dollars a month and that he secured employment

16   offers and therefore did not violate the terms of his

17   supervised release by failing to obtain employment are

18   belied by his admissions at the hearing that he violated

19   the conditions of supervised release.  Moreover, Kalia

20   Batts, Petitioner's probation officer, declares that she

21   told Petitioner on more than one occasion that he would

22   have to resume paying $500 per month restitution

23   beginning in September 2004, following his university

24   graduation.  [Batts Decl. at ¶ 5.]  Petitioner did not

25   pay this amount in either September or October 2004.

26   [Id.]

27   ///

28

**B.   Ineffective Assistance of Counsel**

1   
2        A common means of establishing a Section 2255
3   violation involves a claim that the prisoner received
4   ineffective assistance of counsel.  To establish this
5   claim, a petitioner must show that (1) "counsel's
6   representation fell below an objective standard of
7   reasonableness" ("deficient performance"), and (2) there
8   is a reasonable probability that, but for counsel's
9   errors, the result of the proceeding would have been
10   different ("prejudice").  <u>Strickland v. Washington</u>, 466
11   U.S. 668, 694 (1984).  "A reasonable probability is a
12   probability sufficient to undermine confidence in the
13   outcome."  <u>Id.</u>  Under the second prong, a defendant must
14   demonstrate that his attorney's errors rendered the
15   result unreliable or the proceedings fundamentally
16   unfair.  <u>Fretwell v. Lockhart</u>, 506 U.S. 364, 372 (1993);
17   <u>Strickland</u>, 466 U.S. at 694.
18   
19        If a petitioner can allege facts that would state a
20   legitimate claim for relief under the <u>Strickland</u>
21   standard, an evidentiary hearing is presumably required.
22   <u>United States v. McMullen</u>, 98 F.3d 1155, 1158 (9th Cir.
23   1996).  "The district court may deny a section 2255
24   motion without an evidentiary hearing only if the
25   movant's allegations, viewed against the record, either
26   do not state a claim for relief or are so palpably
27   incredible or patently false as to warrant summary

28

10

1 dismissal."  <u>United States v. Burrows</u>, 872 F.2d 915, 916

2 (9th Cir. 1989).

3

4     **1.   Failure to File a Motion Regarding The Job**

5          **Search**

6     Petitioner alleges ineffective assistance of counsel

7 because his attorney refused to file a motion  presenting

8 documentation of job offers he had accepted and showing

9 he was making diligent efforts to secure employment.

10 [Pet. at Unnumbered Page.]  Petitioner contends in his

11 declaration that he showed his attorney a "huge stack of

12 documents reflecting all my efforts in getting a job" and

13 "contact information to verify my job search."  [Osiname

14 Decl. at ¶ 12.]  Mr. Belter states in his declaration

15 that Petitioner did not present him with documents

16 "confirming that he had secured employment."  [Belter

17 Decl. at ¶ 3.]  Mr. Belter raised an argument regarding

18 Petitioner's attempts to secure employment at the

19 November 22, 2004 hearing but the Court was not persuaded

20 by it.  [Nov. 22, 2004 Tr. at 13:18-19:24.]

21

22     Counsel's decision not to file a motion is not

23 ineffective assistance of counsel because it is a

24 tactical decision.  "A tactical decision by counsel with

25 which the defendant disagrees cannot form the basis of a

26 claim of ineffective assistance of counsel."  <u>Guam v.</u>

27 <u>Santos</u>, 741 F.2d 1167, 1169 (9th Cir. 1984) (citation

28

                              11

1  omitted).   See also Doganiere v. United States, 914 F.2d
2  165, 168 (1990).

3

4      2.      Counsel Advised Petitioner Not to Contest the
5              Length of the Sentence for a Violation of
6              Supervised Release

7      Petitioner contends counsel advised him not to
8  contest the length of his sentence for fear the Court
9  would sentence him to nine months rather than six months.
10 [Pet. at Unnumbered Page.]  Advising Petitioner not to
11 address the Court is a tactical decision, and thus cannot
12 form the basis of an ineffective assistance of counsel
13 claim.  Doganiere, 914 F.2d at 168; Guam, 741 F.2d at
14 1169.  Moreover, Petitioner presented no evidence to
15 support this allegation and his vague allegations are
16 insufficient to support his claim.  Shah, 878 F.2d at
17 1161.

18

19 C.  Ineffective Assistance of Counsel for Failure to File
20     an Appeal

21     In Rodriquez v. United States, 395 U.S. 327 (1969),
22 the Supreme Court held that when a defense attorney fails
23 to file a notice of appeal, the defendant need not
24 establish that his or her appeal has merit to seek
25 relief.  Id. at 330.  This precedent, however, was
26 established before the seminal ineffective assistance of
27 ///

28

12

1  counsel case, <u>Strickland v. Washington</u>, 466 U.S. 668

2  (1984).

3

4      In <u>Strickland</u>, the Court established the elements of

5  an ineffective assistance of counsel claim:  A petitioner

6  must prove that (1) his "counsel's representation fell

7  below an objective standard of reasonableness,"

8  ("deficient performance") and (2) there is a reasonable

9  probability that, but for his counsel's errors, the

10  result of the proceeding would have been different

11  ("prejudice").  <u>See</u> <u>Strickland</u>, 466 U.S. at 688, 694.  "A

12  reasonable probability is a probability sufficient to

13  undermine confidence in the outcome."  <u>Id.</u> at 694.

14

15      The decision in <u>Strickland</u>, however, has not

16  disturbed the long standing precedent set forth in

17  <u>Rodriquez</u>; courts have woven the principles announced in

18  <u>Rodriquez</u> into the <u>Strickland</u> test.  <u>See, e.g.</u>, <u>Roe v.</u>

19  <u>Flores-Ortega</u>, 528 U.S. 470, 477 (2000).

20

21      As to the deficient performance factor, the Court in

22  <u>Flores-Ortega</u> held the failure to file a notice of appeal

23  after being requested to do so always satisfies the

24  deficient performance element of the <u>Strickland</u> test.

25  <u>Id.</u>

26      We have long held that a lawyer who disregards

27      specific instructions from the defendant to file

28

1  a notice of appeal acts in a manner that is

2  professionally unreasonable. . . .  This is so

3  because a defendant who instructs counsel to

4  initiate an appeal reasonably relies upon

5  counsel to file the necessary notice.  Counsel's

6  failure to do so cannot be considered a

7  strategic decision; filing a notice of appeal is

8  a purely ministerial task, and the failure to

9  file reflects inattention to the defendant's

10  wishes.

11 Id. (citations omitted).

12

13  Additionally, the Ninth Circuit has found that the

14 prejudice prong of the Strickland test is presumed by a

15 defendant's attorney's failure to file a notice of

16 appeal; thus, a petitioner need not establish that he or

17 she was prejudiced by his or her attorney's failure to

18 file an appeal.[3]  Canales v. Roe, 151 F.3d 1226, 1229

19 (9th Cir. 1998).

20 ///

21 ///

22

23     [3]The court also noted that every other federal
appellate court to address the issue has found some sort
24 of presumed prejudice.  Canales, 151 F.3d at 1230 (citing
Morales v. United States, 143 F.3d 94, 96-97 (2d Cir.
25 1998); Castellanos v. United States, 26 F.3d 717, 718-19
(7th Cir. 1994); United States v. Peak, 992 F.2d 39,
26 41-42 (4th Cir. 1993); Bonneau v. United States, 961 F.2d
17, 18, 22 (1st Cir. 1992); United States v. Davis, 929
27 F.2d 554, 557 (10th Cir. 1991); Estes v. United States,
883 F.2d 645, 648-49 (8th Cir. 1989)).

28

1       <u>Strickland</u> and <u>Rodriquez</u> together dictate that

2       at the federal level a defendant is relieved of

3       the obligation to specify the issues to be

4       raised on appeal where counsel's failure to file

5       a notice of appeal deprives the defendant of his

6       right to appeal.  In that sense, although

7       <u>Rodriquez</u> does not say it in so many words, the

8       defendant is not required to prove that he was

9       prejudiced by counsel's inadequate performance.

10  <u>Id.</u> at 1229.

11

12     Here, Petitioner contends he instructed his attorney,

13  Michael Belter, to file a notice of appeal by letter.

14  [Trav. at 4.]  Petitioner states in his Petition that his

15  attorney failed to file a notice of appeal after being

16  requested to do so.  [Osiname Decl. at ¶ 14.]  Petitioner

17  had until December 7, 2004 to file a Notice of Appeal.

18  Fed. R. Civ. P. 6(a).  Mr. Belter received Petitioner's

19  letter requesting an appeal on December 10, 2004, after

20  the appeal period had lapsed.  [Belter Decl. at ¶ 4.]

21

22     Petitioner, however, included the track and confirm

23  notice from the United States Postal Service that

24  confirmed that, while Mr. Belter received the letter on

25  December 10, 2004, delivery was attempted and notice was

26  left on December 2, 2004.  [Trav. Exh. 7.]  While Mr.

27  Belter did not receive the letter during the ten-day

28

1  period during which Petitioner could appeal, he had
2  notice that delivery of the letter had been attempted.
3  Moreover, Respondent has presented no evidence in
4  rebuttal to Petitioner's allegations that delivery of the
5  letter was attempted on December 2, 2004.  This is
6  sufficient evidence that Petitioner is entitled to
7  relief.  Thus, Petitioner's Petition cannot be said to be
8  "palpably incredible," or "patently frivolous or false."
9  <u>Blackledge v. Allison</u>, 431 U.S. 63, 76 (1977).
10
11      Section 2255 of Title 28 states that "[u]nless the
12  motion and the files and records of the case conclusively
13  show that the prisoner is entitled to no relief, the
14  court shall cause notice thereof to be served upon the
15  United States attorney, grant a prompt hearing thereon,
16  determine the issues and make findings of fact and
17  conclusions of law with respect thereto."
18
19      It appears that an evidentiary hearing on this issue
20  would be futile.  The evidence presented at the hearing
21  would be identical to the evidence submitted with this
22  Petition: Petitioner will testify that he requested his
23  attorney, Mr. Belter, to file a notice of appeal in his
24  letter and that one was not filed.  Mr. Belter will
25  testify that he did not receive the letter until December
26  10, 2004.  There is no genuine issue of fact that would
27  have to be determined at an evidentiary hearing.
28

16

1    Accordingly, Petitioner has established that he
2  requested Mr. Belter to file a notice of appeal and that
3  no notice of appeal was filed.  Under the Rodriquez
4  precedent, as interpreted in the post-Strickland context
5  by Flores-Ortega and Canales, this is a sufficient
6  showing to entitle Petitioner to relief.  As discussed
7  above, since Petitioner has established that he did in
8  fact request his attorney to file a notice of appeal, the
9  Strickland elements are satisfied.  Petitioner as he has
10  done here, need only establish that he requested his
11  attorney to file a notice of appeal by a preponderance of
12  the evidence.  Silva v. Woodford, 279 F.3d 825, 835 (9th
13  Cir. 2002).

14

15    Accordingly, the Court finds that, by a preponderance
16  of the evidence, Petitioner's attorney did in fact
17  neglect to file a notice of appeal despite Petitioner's
18  reasonable efforts to direct him to do so, entitling
19  Petitioner to relief.  Petitioner's sentence is hereby
20  vacated and reentered, thus reinstating the ten day
21  deadline under Federal Rule of Appellate Procedure 4(b)
22  for Petitioner to file a notice of appeal.  See
23  Rodriquez, 395 U.S. at 332, United States v.
24  Torres-Otero, 232 F.3d 24, 32 (1st Cir. 2000) ("the
25  district court is not required to engage in de novo
26  resentencing, but may instead vacate the initial sentence
27  and summarily reimpose a sentencing judgment identical in
28

1  all respects to the earlier judgment except for the date

2  of entry."); <u>United States v. Phillips</u>, 225 F.3d 1198,

3  1201 (11th Cir. 2000); <u>United States v. Prado</u>, 204 F.3d

4  843, 845 (8th Cir. 2000). **Petitioner thus has until**

5  **August 3, 2007, to file his notice of appeal.**  The Court

6  hereby appoints William Domnarski for the sole purpose of

7  preparing and filing Petitioner's Notice of Appeal.  If

8  Petitioner makes a request within this period, the clerk

9  of the court will file a notice of appeal on Petitioner's

10 behalf pursuant to Federal Rule of Criminal Procedure

11 32(j)(2).

12

13                        **IV. CONCLUSION**

14      For the foregoing reasons, the Court denies the

15 Petition as to grounds one to four and grants it as to

16 ground five.  Petitioner has until August 3, 2007 to file

17 his notice of appeal.

18

19      **IT IS SO ORDERED.**

20

21 Dated:  June 29, 2007

22                                    VIRGINIA A. PHILLIPS
                                     United States District Judge
23

24

25

26

27

28

                              18

# NOTICE PARTY SERVICE LIST

**Case No.**  EDCV 05-136 VAP        **Case Title** U.S. Marshals -v- Osiname

**Title of Document**  Order Granting in Part and Denying in Part Petitioner's Motion to Vacate, etc.

| | |
|---|---|
| | Atty Sttlmnt Officer Panel Coordinator |
| | BAP (Bankruptcy Appellate Panel) |
| | Beck, Michael J (Clerk, MDL Panel) |
| | BOP (Bureau of Prisons) |
| | CA St Pub Defender (Calif. State PD) |
| | CAAG (California Attorney General's Office - Keith H. Borjon, L.A. Death Penalty Coordinator) |
| | Case Asgmt Admin (Case Assignment Administrator) |
| | Catterson, Cathy (9th Circuit Court of Appeal) |
| | Chief Deputy Admin |
| | Chief Deputy Ops |
| | Clerk of Court |
| | Death Penalty H/C (Law Clerks) |
| | Dep In Chg E Div |
| | Dep In Chg So Div |
| | Federal Public Defender |
| | Fiscal Section |
| | Intake Section, Criminal LA |
| | Intake Section, Criminal SA |
| | Intake Supervisor, Civil |
| | PIA Clerk - Los Angeles (PIALA) |
| | PIA Clerk - Riverside (PIAED) |
| | PIA Clerk - Santa Ana (PIASA) |
| | PSA - Los Angeles (PSALA) |
| | PSA - Riverside (PSAED) |
| | PSA - Santa Ana (PSASA) |
| ✓ | Schnack, Randall (CJA Supervising Attorney) |
| | Statistics Clerk |

| | |
|---|---|
| | US Attorneys Office - Civil Division -L.A. |
| | US Attorneys Office - Civil Division - S.A. |
| | US Attorneys Office - Criminal Division -L.A. |
| | US Attorneys Office - Criminal Division -S.A. |
| | US Bankruptcy Court |
| | US Marshal Service - Los Angeles (USMLA) |
| | US Marshal Service -  Riverside (USMED) |
| | US Marshal Service -Santa Ana (USMSA) |
| | US Probation Office (USPO) |
| | US Trustee's Office |
| | Warden, San Quentin State Prison, CA |

| ✓ | ***ADD NEW NOTICE PARTY*** (if sending by fax, mailing address must also be provided) |
|---|---|

Name: William Domnarski

Firm:

Address (include suite or floor):

6144 Omega Street

Riverside, CA 92506

*E-mail:

*Fax No.: 951-369-7233

* For CIVIL cases only

| ***JUDGE / MAGISTRATE JUDGE (list below):*** |
|---|
| |
| |
| |

**Initials of Deputy Clerk**